**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MEAD, | No. 09-15005 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-03585-CW |
| v. | |
| CITY OF COTATI, a municipal corporation; PLANNING COMMISSION OF THE CITY OF COTATI; UNITED STATES FISH AND WILDLIFE SERVICE; DONALD KOCH, in his official capacity as Director of the California Department of Fish and Game; CALIFORNIA DEPARTMENT OF FISH AND GAME, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Michael Mead, a developer, appeals the district court's dismissal, on ripeness grounds, of his takings claims against the City of Cotati ("the City"), the U.S. Fish & Wildlife Service ("the Service"), and the California Department of Fish & Game ("the Department"). We affirm.

The Supreme Court has established a two-part ripeness test for Fifth Amendment regulatory takings claims: (1) "[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). (2) "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195.

Mead first objects to the City's requirement that he mitigate the impact of his proposed development on the endangered California Tiger Salamander, in accordance with the Interim Mitigation Guidelines issued by the Service and the Department. As to this requirement Mead has not met the first prong of the *Williamson County* test. As an alternative to complying with the mitigation

2

requirements, Mead may hire a licensed biologist to survey his property, following Service and Department survey guidance. If the survey indicates that no salamanders are present on the site, then the Service will issue a "no effect" letter, and the mitigation requirements will be lifted. Although Mead did hire a consultant to determine the distance of his property from salamander breeding pools, he has not submitted a properly performed survey to the Service, and the Service has thus declined to issue a "no effect" letter. Mead does not argue that the cost of performing a proper survey would amount to a taking. Because Mead has not received a final determination from the Service as to whether the salamander mitigation requirements apply to his development project, he has not met the first prong of the *Williamson County* test, and his takings claim is therefore not ripe. *Cf. Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 739 (1997) (holding a takings claim ripe where the relevant agency had "finally determined" that the petitioner's land lay entirely within an environmentally sensitive area in which development was not allowed).

Second, Mead contests the application of the City's affordable housing requirements to his project. "[A]ssum[ing] without deciding that the takings claim is ripe," *McClung v. City of Sumner*, 548 F.3d 1219, 1224 (9th Cir. 2008), we reject Mead's claim on the merits.

Mead has several options for complying with the affordable housing requirement, one of which is to pay an in-lieu fee. *See* City of Cotati Municipal Code § 17.31.050. A generally applicable development fee is not an adjudicative land-use exaction subject to the "essential nexus" and "rough proportionality" tests of *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994). *See McClung*, 548 F.3d at 1225. Instead, the proper framework for analyzing whether such a fee constitutes a taking is the fact-specific inquiry developed by the Supreme Court in *Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978). *See McClung*, 548 F.3d at 1225. Mead has not alleged facts that would satisfy the *Penn Central* test; on the contrary, he insists that his claim is not a *Penn Central* claim but a *Nollan/Dolan* claim. Mead has therefore failed to state a claim on which relief can be granted.

**III.**

The judgment of the district court is AFFIRMED.

4